No. 3873

Second Circuit

___

SUMERALL v. WETHERBEE

___

(November 7, 1930. Opinion and Decree.)
(December 23, 1930. Rehearing Refused.)
(February 2, 1930. Writs of Certiorari and Review Refused by Supreme Court.)

___

Cook & Cook, of Shreveport, attorneys for plaintiff, appellee.

Thigpen, Herold & Cousin, of Shreveport, attorneys for defendant, appellant.

ODOM, J. The defendant owned a producing well in the Tullos field which "sanded up" and ceased to produce, and in order to restore the well, it became necessary to pull the liner out, clean the well and replace the old liner, or a new one if necessary. He employed plaintiff to do this work and agreed to pay him $40 per day for his services, the services of one helper and the use of plaintiff's tools. Plaintiff alleges in his petition and now contends that he worked forty-nine days under his contract and has received only $196.50, which was advanced by defendant to pay a helper, and that defendant is still indebted to him in the sum of $1763.50, for which he asks judgment.

The defendant in answer admits that he employed plaintiff "to pull the liner out of defendant's well, known as Urania A-4 in the Tullos Field, to cleanse and reset the liner therein * * * and that he agreed to pay plaintiff the sum of Forty Dollars ($40.00) per day, plaintiff to furnish all necessary machinery, tools and labor."

There is therefore no dispute between the parties over the question of employment and the per diem plaintiff was to receive for his services. But defendant, further answering, sets up his defense in paragraph 7 of the answer as follows:

"Further answering, defendant shows that he contracted with plaintiff for the pulling of the liner in his well Urania A-4, plaintiff to furnish all necessary machinery, tools and labor, and plaintiff further to cleanse said well and place another liner in the hole; all of which plaintiff was to do within a reasonable time, say not to exceed ten days; and defendant was to pay plaintiff therefor Forty Dollars ($40.00) a day, plaintiff to furnish the machinery and labor."

And in paragraph 8 of the answer, defendant alleges that plaintiff "failed to do the work he had thus obligated himself to do under the contract, and failed to execute what he did do in the manner and within the time reasonably understood by the parties * * *"

In the brief filed by counsel for defendant, they state the issue involved as follows:

"It was not merely a case of hiring and letting at so much per day, but to the contrary a case of an undertaking by Sumerall to do the particular work that the parties contemplated should be done."

It is plaintiff's contention that he let or hired his services to defendant at so much per day regardless of the number of days it took to do the work contemplated.

The primary question to be determined is whether this was a contract to do work by the job, as contended by defendant, or whether it was one of letting or hiring of services at so much per day. If the former, the defense may be good; if the latter, plaintiff should recover if the record discloses that he worked the number of days he says he did.

The record fails to support the proposition or defense that this was a contract to do work by the job. It is true, as contended by defendant, that plaintiff was employed to pull the liner out of the well and to insert another, if necessary. That was the job or purpose of the employment and contract; that was the end which the parties had in view. But plaintiff was not employed to do that work by the job and we think defendant's answer clearly discloses that fact. We quote the following from defendant's answer:

"All of which plaintiff was to do within a reasonable time, say not to exceed ten days; and defendant was to pay therefor Forty Dollars ($40.00) a day, plaintiff to furnish the machinery and labor."

The contract was verbal. The negotiations were not carried on between plaintiff and defendant personally. Plaintiff was represented by Mr. Bell and defendant by Mr. Carter. Mr. Bell, testifying for plaintiff, says the understanding was that plaintiff should be paid $40 per day; that defendant's representative inquired as to the length of time it would take to complete the work and "I told him that would be hard to tell, no man could tell how long it would take to get a liner out of a well. It might take two or three days and it might take three or four months; you could not tell." Asked as to whether he made any representation about how long it would take to do the work, Mr. Bell answered: "No, sir. Wasn't nothing like that mentioned. Only he asked me how long it would take and I told him I could not tell and no man could tell." He further testified that the length of time it took to remove a liner from a well depended altogether upon the condition of the well and for that reason work of the kind was never undertaken by the job, and that this work was not undertaken by the job, but plaintiff was to pay so much per day.

Mr. Carter, who represented defendant in making the contract, testified that plaintiff approached him and asked to be employed to pull the liner from well No. 4 and that plaintiff said "it wouldn't take long to pull this well * * * so I called Mr. Wetherbee back and told him about it and he said all right to go ahead and let him move on the well and start on it." Asked if plaintiff made any remark to him about how long it would take to do the work, Mr. Carter said: "In a reasonable time, just about as long as it took for No. 6. A reasonable time." He was asked: "Was any talk made about the number of days?" He answered, "No, sir."

Nowhere in Mr. Carter's testimony does he say that the work was to be undertaken by the job. All the talk about the length of time it would take to complete the work

was incidental and did not enter into the contract. In view of past experiences, the parties no doubt contemplated that the work could be completed within a few days, but the record is utterly barren of any testimony which indicates that plaintiff promised to complete it within a given time or that defendant understood that plaintiff had bound himself to complete the work within a given period. And there is nothing whatsoever to show that this was an entire contract or a contract to do work by the job.

Learned counsel for defendant say in brief:

"Plaintiff cannot recover unless he has fully performed his part of the contract. The fact that he worked for 36 days, as found by the trial judge, is not a compliance with his obligation. The fact that no time was stipulated (if we be wrong on this point, as the trial judge thought) does not excuse performance by plaintiff. He may have done all he could, yet if he did not perform his part of the contract, he cannot recover."

And they cite the case of Picard Construction Co. v. Board of Commissioners, 161 La. 1002, 109 So. 816.

Counsel's argument would be good and the case cited in point if as a matter of fact plaintiff had obligated himself to do this work "by the job" or had undertaken "a building or a work for a certain stipulated price." (Civil Code, art. 2756.) But such is not the case. Article 2769 of the Code, also cited by counsel, is not in point for the same reason. The latter article, as well as the first one cited, appears in the Code under the general heading "OF THE LETTING OUT OF LABOR OR INDUSTRY" and under Sec. 3 of the general heading (Art. 2756-2777) which treats of "CONSTRUCTING BUILD-INGS ACCORDING TO PLOTS, AND OTH-ER WORKS BY THE JOB, AND OF FUR-NISHING MATERIALS." Counsel cite not only this article of the Code but numerous decisions, but none of the decisions is in point for the reason that this was not an entire contract, but one of letting and hiring of services by the day.

The district judge found that plaintiff was entitled to recover for thirty-six days. The testimony amply supports that finding. Plaintiff began work on the well in March and continued at intervals, not continuously, until August. He encountered many difficulties and misfortunes. His efforts to pull the liner resulted in failure. But defendant's plea in answer that he was inefficient and used the wrong tools has been abandoned, or at least is not stressed in this court. While plaintiff was at work, defendant recognized the difficulties under which plaintiff was laboring and, according to Mr. Wetherbee's own testimony, "we gave him all the assistance that we could down there * * *; he was apparently trying to do his work and I told him to go ahead and get the well cleaned out * * *. Well, the well was shut down for some little time. Just what transpired between he (him) and the production foreman, I don't know, other than he just said that the well apparently could not be cleaned out."

It was proved that during a portion of the time plaintiff was at work he used as helpers men who were on defendant's payroll and it is now argued that he should not be allowed full pay for the days he was using defendant's men. We think that is true. But the testimony satisfies us that plaintiff put in at least thirty-six full days unassisted by any except his own helpers. Plaintiff testified and introduced his timebook to show that he was at work at the well for forty-nine days. But it is clear that a portion of that time the major portion of the work was done by de-

fendant's men. The district judge refused to allow him credit for those days and allowed him to recover for only the days on which he worked assisted by his own helpers. We find no error in that judgment, and accordingly affirm it, with all costs.